ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division
United States Department of Justice

MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief
MICHELLE M. SPATZ, Senior Trial Attorney (DC Bar 1044400)
SARA M. WARREN, Trial Attorney (GA Bar 966948)
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-9741 (Spatz); 202-598-5785 (Warren)
michelle.spatz@usdoj.gov; sara.warren@usdoj.gov

ALEC BOWMAN, Trial Attorney (DC Bar 90019707)
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
202-532-3098
alec.bowman@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DEFENDERS OF WILDLIFE,<br>Plaintiff,<br>v.<br>U.S. FISH AND WILDLIFE SERVICE, *et al.*,<br>Federal Defendants. | Case No. 3:26-cv-07507-VC<br>Related Cases: 26-cv-7176-VC; 26-cv-10071-VC<br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT [ECF No. 25]** |

Pursuant to Fed. R. Civ. P. 8(b), Federal Defendants National Marine Fisheries Service ("NMFS") and U.S. Fish and Wildlife Service ("FWS") submit the following Answer in response to Plaintiff's Amended Complaint, ECF No. 25. The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Amended Complaint. Federal Defendants

deny any allegations in the Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

The allegations of fact in the Amended Complaint and any responses in this Answer are not relevant to judicial review, as this case is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See, e.g.*, *Am. Bioscience v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001) ("[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law.").

1. The allegations in the first sentence of this paragraph contain Plaintiff's characterization of the case, to which no response is required. Federal Defendants deny the remaining allegations in this paragraph.

2. The allegations in the first sentence of this paragraph characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents. The allegations in the second, third, and fourth sentences of this paragraph are vague and ambiguous, in that they do not identify the specific species or habitats, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

3. The allegations in this paragraph are vague and ambiguous, in that they do not identify the habitat loss or the species affected by habitat loss, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

4. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

5. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

6. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

7. The allegations in the first and second sentences of this paragraph characterize FWS's and NMFS's regulations implementing the ESA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the third sentence of this paragraph. The allegations in the fourth sentence of this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

8. Federal Defendants deny the allegations in this paragraph.

9. In response to the allegations in the first sentence, Federal Defendants admit only that they issued the final rule rescinding the definition of "harm" under the ESA, 91 Fed. Reg. 43,300 (July 14, 2026) ("Rescission Rule"). Federal Defendants deny the remaining allegations in the first sentence of this paragraph. The remaining allegations in this paragraph characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

10. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule and case law, which speak for themselves and are the best evidence of their contents.

11. The allegations in the first sentence of this paragraph characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph characterize the ESA statutory and regulatory scheme prior to the Rescission Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the third sentence of this paragraph.

12. Federal Defendants deny the allegations of this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

13. Federal Defendants deny the allegations in this paragraph.

14. Federal Defendants deny the allegations in this paragraph.

15. Federal Defendants deny the allegations in this paragraph.

16. Federal Defendants deny the allegations in this paragraph.

17. Federal Defendants deny the allegations in this paragraph, which also characterize Plaintiff's lawsuit, to which no response is required.

18. The allegations in this paragraph are legal conclusions to which no response is required. The allegations in the first sentence of the footnote to this paragraph characterize a letter sent by Plaintiff, which speaks for itself and is the best evidence of its contents. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of the footnote to this paragraph.

19. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required. The allegations in the second sentence of this paragraph contain Plaintiff's characterization of the case, to which no response is required. Federal Defendants admit the allegations in the third and fourth sentences of this paragraph. The allegations in the fifth, sixth, and seventh sentences of this paragraph are vague and ambiguous, in that they do not identify the actions evaluated, take authorized, or species present, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. Federal Defendants deny the allegations in the eighth sentence of this paragraph, which are also legal conclusions to which no response is required.

20. Federal Defendants admit the allegations in this paragraph.

21. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

22. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

23. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

24. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph. The allegations in the second and third sentences of this paragraph are vague and ambiguous, in that they do not identify the

specific habitats for species referenced, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

25. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

26. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

27. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

28. The allegations in the first sentence of this paragraph contain Plaintiff's characterization of the case, to which no response is required. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second, third, fourth, fifth, seventh, and eighth sentences of this paragraph. Federal Defendants admit the allegation in the sixth sentence of this paragraph that Defenders submitted comments. The remaining allegations in the sixth sentence of this paragraph characterize the comments, which speak for themselves and are the best evidence of their contents.

29. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

30. The allegations in the second sentence of this paragraph are legal conclusions to which no response is required. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and fourth sentences of this paragraph. The allegations in the third sentence of this paragraph are vague and ambiguous, in that they do not identify the consultation determinations where such determinations were made, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

31. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fourth, eighth, ninth, tenth, eleventh, and

twelfth sentences of this paragraph. Federal Defendants deny the allegations in the fifth sentence of this paragraph. The allegations in the sixth sentence of this paragraph are vague and ambiguous, in that they do not identify the prior authorizations that covered such impacts, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. The allegations in the seventh sentence of this paragraph characterize Green Diamond's agreements, which speak for themselves and are the best evidence of their contents.

32. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. The allegations in the third and fourth sentences of this paragraph are vague and ambiguous, in that they do not identify the species or lands referenced, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the fifth, sixth, seventh, eighth, ninth, and tenth sentences of this paragraph.

33. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

34. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

35. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

36. The allegations in the sixth and seventh sentences of this paragraph characterize other lawsuits and a court decision in one of those lawsuits, which speak for themselves and are the best evidence of their contents. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

37. Federal Defendants deny the allegations in this paragraph.

38. The allegations in the first and second sentences of this paragraph are legal conclusions to which no response is required. Federal Defendants deny the allegations in the third sentence of this paragraph.

39. Federal Defendants admit the allegations in this paragraph.

40. Federal Defendants admit the allegations in this paragraph.

41. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

42. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

43. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

44. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

45. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

46. The allegations in this paragraph characterize the ESA and a regulation implementing the ESA, which speak for themselves and are the best evidence of their contents.

47. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

48. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

49. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

50. The allegations in the first sentence of this paragraph are vague and ambiguous, in that they do not identify the Services' alleged determinations, and therefore Federal Defendants

deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. Federal Defendants deny the remaining allegations in this paragraph.

51. The allegations in this paragraph characterize the ESA and regulations implementing the ESA, which speak for themselves and are the best evidence of their contents.

52. The allegations in this paragraph characterize the ESA, regulations implementing the ESA, and case law, which speak for themselves and are the best evidence of their contents.

53. The allegations in this paragraph characterize the ESA and agency guidance, which speak for themselves and are the best evidence of their contents.

54. The allegations in this paragraph characterize the ESA and regulations implementing the ESA, which speak for themselves and are the best evidence of their contents.

55. The allegations in this paragraph characterize regulations implementing the ESA and an FWS and NMFS guidance document, which speak for themselves and are the best evidence of their contents.

56. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

57. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

58. The allegations in the first sentence of this paragraph, and citation after the first sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph are legal conclusions to which no response is required.

59. The allegations in the first sentence of this paragraph, and citation after the first sentence, characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. The allegations in the second and third sentences of this paragraph, and citations after each sentence, characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

60. The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.

61. The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.

62. The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.

63. The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.

64. The allegations in the first sentence of this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph, and citations after the second sentence, characterize regulations implementing NEPA and a National Oceanic and Atmospheric Administration ("NOAA") guidance document, which speak for themselves and are the best evidence of their contents.

65. The allegations in the first sentence of this paragraph, and citations after the first sentence, characterize regulations implementing NEPA and a NOAA guidance document, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph, and citation after the second sentence, characterize regulations implementing NEPA, which speak for themselves and are the best evidence of their contents. The allegations in the third sentence of this paragraph, and citation after the third sentence, characterize a NOAA guidance document, which speak for themselves and are the best evidence of their contents.

66. The allegations in this paragraph characterize the APA, which speaks for itself and is the best evidence of its contents.

67. The allegations in this paragraph characterize the APA, which speaks for itself and is the best evidence of its contents.

68. The allegations in this paragraph characterize Supreme Court decisions, which speak for themselves and are the best evidence of their contents.

69. The allegations in this paragraph characterize Supreme Court decisions, which speak for themselves and are the best evidence of their contents.

70. The allegations in this paragraph are legal conclusions to which no response is required and characterize case law, which speaks for itself and is the best evidence of its contents.

71. The allegations in this paragraph are vague and ambiguous, in that they do not identify specific mechanisms or species, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

72. The allegations in the first sentence of this paragraph are vague and ambiguous, in that they do not identify the specific biodiversity, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. The allegations in the second and third sentences of this paragraph characterize the Living Planet Index, which speaks for itself and is the best evidence of its contents.

73. The allegations in this paragraph characterize a publication by the World Economic Forum, which speaks for itself and is the best evidence of its contents.

74. The allegations in this paragraph are vague and ambiguous, in that they do not identify the specific habitat destruction or alteration, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

75. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

76. The allegations in this paragraph characterize the ESA, a Senate Report, and a House Report, which speak for themselves and are the best evidence of their contents.

77. The allegations in this paragraph characterize a Federal Register publication, which speaks for itself and is the best evidence of its contents.

78. The allegations in this paragraph characterize a Federal Register publication and regulation implementing the ESA, which speak for themselves and are the best evidence of their contents.

79. The allegations in this paragraph are vague and ambiguous, in that they do not specify the determinations referenced, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

80. The allegations in this paragraph characterize a Federal Register publication, which speaks for itself and is the best evidence of its contents.

81. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

82. The allegations in this paragraph characterize the ESA and legislative history, which speak for themselves and are the best evidence of their contents.

83. The allegations in this paragraph characterize the ESA's legislative history, which speaks for itself and is the best evidence of its contents.

84. The allegations in this paragraph characterize the ESA's legislative history, which speaks for itself and is the best evidence of its contents.

85. The allegations in this paragraph characterize the ESA and the ESA's legislative history, which speak for themselves and are the best evidence of their contents.

86. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

87. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

88. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

89. The allegations in this paragraph characterize Federal Register publications, which speak for themselves and are the best evidence of their contents.

90. The allegations in this paragraph characterize a regulation implementing the ESA, which speaks for itself and is the best evidence of its contents.

91. The allegations in this paragraph characterize the ESA and regulations implementing the ESA, which speak for themselves and are the best evidence of their contents.

92. The allegations in this paragraph characterize previously issued biological opinions, which speak for themselves and are the best evidence of their contents.

93. The allegations in this paragraph are legal conclusions to which no response is required and characterize the ESA, regulations implementing the ESA, and unidentified plans and permits, which speak for themselves and are the best evidence of their contents.

94. The allegations in the first and second sentences of this paragraph characterize previously issued incidental take permits and habitat conservation plans, which speak for themselves and are the best evidence of their contents. The allegations in the third sentence of this paragraph characterize research, which speaks for itself and is the best evidence of its contents.

95. The allegations in the first sentence of this paragraph characterize a 1993 rule issued by FWS, which speaks for itself and is the best evidence of its contents. The allegations in the second and third sentences of this paragraph characterize a 2010 Five-Year Review issued by FWS, which speaks for itself and is the best evidence of its contents.

96. The allegations in this paragraph are vague and ambiguous, in that they do not identify the specific species at issue, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

97. The allegations in this paragraph are vague and ambiguous, in that they do not identify the specific animals, areas, or logging at issue, and therefore Federal Defendants deny

them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

98. The allegations in this paragraph are vague and ambiguous, in that they do not identify the specific animals, areas, or development, silviculture, and installations at issue, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

99. The allegations in this paragraph characterize a 2024 rule issued by FWS, which speaks for itself and is the best evidence of its contents.

100. The allegations in this paragraph are vague and ambiguous, in that they do not identify the specific specialized needs or vegetation consumed, or the animals surveyed to obtain averages, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

101. The allegations in this paragraph are vague and ambiguous, in that they do not identify the specific areas or declines or who is concerned, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

102. The allegations in the first sentence of this paragraph are vague and ambiguous, in that they do not identify specific areas or times of concern, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. The allegations in the second sentence of this paragraph characterize an Unusual Mortality Event declared under the Marine Mammal Protection Act, which speaks for itself and is the best evidence of its contents.

103. The allegations in this paragraph are vague and ambiguous, in that they do not identify the specific species or habitats referenced, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

104. The allegations in this paragraph are vague and ambiguous, in that they do not identify the salmonids listed and allegedly impacted by various activities, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

105. The allegations in this paragraph characterize the proposed Rescission Rule, which speaks for itself and is the best evidence of its contents.

106. The allegations in this paragraph characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

107. The allegations in this paragraph characterize the proposed Rescission Rule and the Rescission Rule, which speak for themselves and are the best evidence of their contents.

108. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

109. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required. The remaining allegations of this paragraph characterize agency rules and Supreme Court decisions, which speak for themselves and are the best evidence of their contents.

110. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule and Supreme Court decisions, which speak for themselves and are the best evidence of their contents

111. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

112. Federal Defendants deny the allegations in this paragraph, which are also legal conclusions to which no response is required.

113. The allegations in this paragraph are legal conclusions to which no response is required.

114. The allegations in this paragraph are legal conclusions to which no response is required.

115. The allegations in this paragraph are legal conclusions to which no response is required and characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

116. The allegations in this paragraph are legal conclusions to which no response is required and characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

117. The allegations in this paragraph are legal conclusions to which no response is required and characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

118. The allegations in this paragraph are legal conclusions to which no response is required and characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

119. In response to the allegations in this paragraph, Federal Defendants admit only that FWS and NMFS did not engage in Section 7 consultation on the rescission of the regulatory definition of harm. The remaining allegations in this paragraph characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

120. Federal Defendants admit only that the Services did not prepare a draft EA or EIS. The allegations in this paragraph characterize the Rescission rule, which speaks for itself and is the best evidence of its contents.

121. The allegations in the first sentence of this paragraph characterize the Rescission Rule and a regulation implementing NEPA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph are vague and ambiguous, in that they do not identify the specific analysis, and therefore Federal Defendants deny them

because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

122. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule and supporting analysis, which speak for themselves and are the best evidence of their contents.

123. The allegations in this paragraph characterize the proposed Rescission Rule and a regulation implementing NEPA, which speak for themselves and are the best evidence of their contents.

124. Federal Defendants admit the allegations in this paragraph.

125. The allegations in this paragraph characterize FWS's Categorical Exclusion Documentation for NEPA Compliance for the Rescission Rule, which speaks for itself and is the best evidence of its contents.

126. Federal Defendants deny the allegations in this paragraph.

127. The allegations in this paragraph characterize the Rescission Rule and FWS's Categorical Exclusion Documentation for NEPA Compliance for the Rescission Rule, which speak for themselves and are the best evidence of their contents.

128. The allegations in this paragraph characterize FWS's Categorical Exclusion Documentation for NEPA Compliance for the Rescission Rule, which speaks for itself and is the best evidence of its contents.

129. The allegations in this paragraph characterize FWS's Categorical Exclusion Documentation for NEPA Compliance for the Rescission Rule, which speaks for itself and is the best evidence of its contents.

130. The allegations in this paragraph characterize public comments on the proposed Rescission Rule, which speak for themselves and are the best evidence of their contents.

131. The allegations in this paragraph characterize public comments on the proposed Rescission Rule, which speak for themselves and are the best evidence of their contents.

132. The allegations in this paragraph characterize public comments on the proposed Rescission Rule, which speak for themselves and are the best evidence of their contents.

133. The allegations in this paragraph characterize public comments on the proposed Rescission Rule, which speak for themselves and are the best evidence of their contents.

134. The allegations in this paragraph characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

135. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

136. Federal Defendants deny the allegations in this paragraph.

137. Federal Defendants deny the allegations in this paragraph.

138. Federal Defendants deny the allegations in this paragraph.

139. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

140. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

141. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

142. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

143. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

144. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

145. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

146. Federal Defendants deny the allegations in this paragraph.

147. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

148. Federal Defendants deny the allegations in this paragraph, which also characterize the Rescission Rule, which speaks for itself and is the best evidence of its contents.

149. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph. Federal Defendants deny the allegations in the fourth sentence of this paragraph.

150. Federal Defendants deny the allegations in this paragraph.

140*.[1] Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

141*. The allegations in this paragraph are legal conclusions to which no response is required.

142*. Federal Defendants deny the allegations in this paragraph.

143*. Federal Defendants deny the allegations in this paragraph.

144*. In response to the allegations in this paragraph, Federal Defendants admit only that they did not engage in a section 7 consultation before promulgating the Rescission Rule. Federal Defendants deny the remaining allegations in this paragraph.

145*. Federal Defendants deny the allegations in this paragraph.

146*. Federal Defendants deny the allegations in this paragraph.

147*. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

148*. Federal Defendants deny the allegations in this paragraph.

149*. Federal Defendants deny the allegations in this paragraph, which also state legal conclusions to which no response is required.

[1] Plaintiff misnumbered the allegations in the Amended Complaint by using duplicate numbers (starting with the Second Claim for Relief). The * used next to the number in this Answer identifies the second use of a specific paragraph number in the Amended Complaint.

150*. Federal Defendants deny the allegations in this paragraph.

151*. Federal Defendants deny the allegations in this paragraph.

152*. Federal Defendants deny the allegations in this paragraph.

153*. Federal Defendants deny the allegations in this paragraph.

154*. Federal Defendants deny the allegations in this paragraph.

The remainder of the Amended Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**GENERAL DENIAL**

Federal Defendants deny any allegations of the Amended Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

Federal Defendants reserve the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

WHEREFORE, Federal Defendants request that the Court dismiss the Amended Complaint in its entirety, render judgment for Federal Defendants and against Plaintiff, and grant Federal Defendants any further relief that the nature of the case and justice require.

Dated: October 7, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division
United States Department of Justice

MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Senior Trial Attorney (DC Bar 1044400)
SARA M. WARREN, Trial Attorney (GA Bar 966948)
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-9741 (Spatz); 202-598-5785 (Warren)

michelle.spatz@usdoj.gov; sara.warren@usdoj.gov

ALEC BOWMAN, Trial Attorney (DC Bar 90019707)
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
202-532-3098
alec.bowman@usdoj.gov

*Attorneys for Federal Defendants*