Jane P. Davenport (CA Bar No. 193275)
DEFENDERS OF WILDLIFE
1130 17th Street NW
Washington, DC 20036
(202) 772-3274
jdavenport@defenders.org

*Attorney for Plaintiff Defenders of Wildlife*

*(Additional counsel listed in signature block)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

DEFENDERS OF WILDLIFE,

Plaintiff,

v.

U.S. FISH AND WILDLIFE SERVICE and NATIONAL MARINE FISHERIES SERVICE,

Defendants.

Case No. 3:26-cv-7507-VC

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO HOLD BRIEFING SCHEDULE FOR DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT IN ABEYANCE (Local Rule 7-11)**

Case Mgmt. Conf.: Oct. 16, 2026
Time: 10 a.m. via teleconference
Hon. Vince Chhabria

Pursuant to Civil L.R. 7-11, Plaintiff Defenders of Wildlife hereby files this motion for administrative relief to hold in abeyance the briefing schedule on Federal Defendants' motions for summary judgment, filed in each of three related cases on October 7, 2026.[1] Docket No. 32 (Plaintiff Defenders of Wildlife), Docket No. 60 (State Plaintiffs), Docket No. 32 (EPIC Plaintiffs). For the reasons stated below, Plaintiff Defenders of Wildlife respectfully requests that this Court hold the briefing schedule on these motions in abeyance pending this Court's determination of the appropriate sequence and timing of the parties' cross-motions for summary judgment in any Case Management Order issued following the Case Management Conference scheduled for Friday, October 16, 2026, at 10:00 a.m. Federal Defendants have stated that they will oppose this motion.

## ARGUMENT

The parties in this case disagree about the appropriate sequence and schedule for resolving Plaintiffs' claims. This Court has a process for resolving such disputes. The parties are required to meet and confer and file a Joint Case Management Statement ("Joint CMS"). Civil L.R. 16-9. This Court reviews the Joint CMS and subsequent to the Case Management Conference enters a Case Management Order establishing a schedule for future proceedings in the case. Civil L.R. 16-10(b).

In this case, rather than allow for the process set forth in Local Rule 16-10 to proceed, the Federal Defendants have attempted to circumvent it by filing motions for summary judgment before the Court has had an opportunity to consider the parties' competing proposals for a case

---

[1] This case has been related to *Environmental Protection Information Center, et al. v. National Marine Fisheries Service, et al*., 3:26-cv-07176-VC (lead), and *State of California, et al., v. Burgum, et al.,* 3:26-cv-11071-VC. Because Plaintiffs are filing a substantively identical administrative motion in all three related cases, this brief will reference "Plaintiffs," and all three motions filed in the three related cases, rather than just the motion filed in this case to which Plaintiff Defenders of Wildlife must respond.

management schedule and issue an order determining how these related cases will proceed. Plaintiffs accordingly bring these administrative motions to hold the briefing schedule for those summary judgment motions in abeyance to allow the Court time to determine the appropriate motion sequence and schedule for resolving Plaintiffs' claims.

Plaintiffs will be prejudiced if the motions for summary judgment are not held in abeyance. Federal Defendants have filed their summary judgment motion out of order, in contravention of the Local Rules, and have unilaterally imposed unreasonably short deadlines for Plaintiffs' responses and cross-motions for summary judgment. Absent the granting of an abeyance, Plaintiffs will not know whether they must comply with these unreasonable deadlines until after the Case Management Conference on October 16. At that point, more than half the time Federal Defendants have allotted for Plaintiffs' responses to their summary judgment motions will have passed. Plaintiffs also will not know whether they must respond to the Federal Defendants' motions for summary judgment or will be allowed to file their opening motions for summary judgement as Plaintiffs propose and as is contemplated by the Local Rules and this Court's Standing Order for Civil Cases ("Standing Order").

Under Local Rule 16-5, in actions—such as these three related cases—based on an administrative record, unless the parties agree or the Court orders otherwise, the normal summary judgment schedule is for the *plaintiff* to file an opening motion for summary judgment within 28 days of receipt of defendant's answer. Defendants then must file an opposition to the plaintiff's motion, and/or any counter-motion, within 28 days thereafter. LR 16-5. Paragraph 42 of the Standing Order also states that "[i]n the event of cross-motions for summary judgment, the parties must file a total of *four* briefs sequentially, rather than three pairs of simultaneous briefs. Unless the parties agree to reverse the order …, the opening brief is filed by the *plaintiff* side, [and] the opening/opposition brief is filed by the *defense* side." (Emphasis added.) Plaintiffs did not and do not agree to reverse the order set forth in the Standing Order. As stated in Section 15

of the parties' Joint CMS filed October 9, 2026 (Plaintiffs' Position), Plaintiffs believe that these cases should be resolved by way of cross-motions for summary judgment, in the sequence set forth in Local Rule 16-5 and the Standing Order, with Plaintiffs in the three related cases each filing the opening motion in their respective cases.

Contrary to the summary judgment sequencing provided for in Local Rule 16-5 and the Standing Order, and despite not having an agreement from Plaintiffs to reverse the order of briefing, Federal Defendants filed their answers and the administrative records in each of these three related cases on October 7, 2026, and filed motions for summary judgment *on the same day*. In addition, in the parties' Joint CMS filed on October 9, 2026, Federal Defendants propose a briefing schedule, based on the Local Rules pertaining to standard law and motion practice (Local Rules 7-1 to 7-3), that is *even more* truncated than that provided for under Local Rule 16-5.[2] *See* Joint CMS, Section 15 (Federal Defendants' Position). Specifically, Federal Defendants propose the following schedule:

- Plaintiffs' responses to Federal Defendants' motions for summary judgment to be due on October 21, 2026;
- Federal Defendants' reply briefs to be due on October 28, 2026; and
- Summary judgment hearing to be set November 19, 2026, at 10:00 a.m.

In the parties' Joint CMS, Section 15 (Federal Defendants' Position), Federal Defendants also propose an alternative briefing schedule "if Plaintiffs intend to file cross-motions for summary judgment."

---

[2] What is more, the Local Rules governing regular law and motion themselves state that the time periods set forth in Local Rules 7-2 and 7-3 regarding notice, response and reply times are only the "*minimum* time periods" and that "[f]or complex motions," such as the proposed cross-motions for summary judgment in these cases, "parties are encouraged to stipulate or seek a Court order establishing a longer notice period with correspondingly longer periods for response or reply." Local Rule 7-2 Commentary (emphasis added).

Not only is Federal Defendants' proposed briefing schedule contrary to the Local Rules and Standing Order (as to both sequence and timing), it is unreasonable, unfair and unworkable for myriad reasons, as explained in detail in Section 15 of the parties' October 9, 2026, Joint CMS (Plaintiffs' Position). And contrary to Federal Defendants' contention, their proposed sequence and schedule will not achieve regulatory certainty, as there are other cases pending in other federal district courts which likewise challenge Federal Defendants' rescission of the regulatory definitions of harm. *See National Wildlife Federation et al. v. United States Fish and Wildlife Service et al.*, Case No. 2:26-cv-02897-RMG (D.S.C.); and *Swinomish Indian Tribal Community et al. v. National Marine Fisheries Service et al.*, 2:26-cv-02473-TMC (W.D. Wash.).

Accordingly, Plaintiffs hereby respectfully request that, in the interests of fairness and justice, this Court hold in abeyance the briefing schedule for Federal Defendants' motions for summary judgment filed in these three cases, and particularly the 14-day time period set by Local Rule 7-3(a) for Plaintiffs to file their oppositions to Federal Defendants' motions, pending this Court's issuance of a Case Management Order for this case following the Case Management Conference currently set for October 16, 2026 at 10:00 a.m.

Dated: October 9, 2026

Respectfully submitted,

/s/ Erica H. Pencak

JANE P. DAVENPORT
(California Bar No. 193275)
ERICA H. PENCAK, *pro hoc vice*
(District of Columbia Bar No. 90041087)
DEFENDERS OF WILDLIFE
1130 17th Street NW
Washington, DC 20036
(202) 772-3274
jdavenport@defenders.org
epencak@defenders.org

RYAN ADAIR SHANNON, *pro hac vice*
(Oregon Bar No. 155537)
DEFENDERS OF WILDLIFE
2009 NE Alberta St. #207
Portland, OR 97211
(503) 899-0663
rshannon@defenders.org

WILLIAM NAZAR CARLON
(California Bar No. 305739)
LAW OFFICE OF WILLIAM CARLON
437 Post St.
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

*Attorneys for Plaintiff Defenders of Wildlife*