**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DEFENDERS OF WILDLIFE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE and NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | Case No. 3:26-cv-7507-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Mgmt. Conf.: Oct. 16, 2026<br>Time: 10 a.m. via teleconference<br>Hon. Vince Chhabria |

Pursuant to Civil L.R. 16-9, the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement, and the Standing Order for Civil Cases Before Judge Vince Chhabria, Plaintiff Defenders of Wildlife and Federal Defendants hereby respectfully submit this joint case management statement.[1]

1. Jurisdiction and Service.

Plaintiffs' complaints allege that the Court has jurisdiction to resolve Plaintiffs' claims in these three related cases under 28 U.S.C. § 1331 (federal question jurisdiction), and 16 U.S.C. § 1540(g)(1)(A) (citizen suit provision of the Endangered Species Act (ESA)). Plaintiffs contend sovereign immunity is waived pursuant to the Administrative Procedure Act (APA). 5 U.S.C. §

[1] This case has been related to *Environmental Protection Information Center, et al. v. National Marine Fisheries Service, et al*., 3:26-cv-07176-VC, and *State of California, et al. v. Burgum*, *et al.*, 3:26-cv-10071-VC. Plaintiffs in all three cases as well as Federal Defendants have met and conferred on this Joint Case Management Statement, and substantively identical versions will be filed in all three cases (captions, footers, and related case number references will differ in each version).

702. No issue exists regarding venue or divisional assignment. Federal Defendants in Case Nos. 3:26-cv-07176-VC and 3:26-cv-07507-VC have been served. State Plaintiffs in Case No. 3:26-cv-10071-VC have not yet served their complaint. Federal Defendants filed answers to all three complaints on October 7, 2026.

Plaintiffs' position:

Per Federal Rule of Civil Procedure 4(m), State Plaintiffs plan to effect service by January 4, 2027, within 90 days of the date of filing their amended complaint.

Federal Defendants' position

Federal Defendants propose October 21, 2026, as a deadline for State Plaintiffs to effect service, which is the current Local Rule deadline for Plaintiffs to respond to Federal Defendants' summary judgment motion.

2. Facts.

Plaintiffs in these three related cases challenge Federal Defendants' rescission of the U.S. Fish and Wildlife Service's and the National Marine Fisheries Service's ("Services") former regulatory definitions of "harm," in the ESA.[2] *See Final Rule, Rescinding the Definition of "Harm" Under the Endangered Species Act*, 91 Fed. Reg. 43300 (July 14, 2026). The final rule became effective September 14, 2026. *Id*.

3. Legal Issues.

Plaintiffs' Position:

Plaintiffs allege Federal Defendants' actions are unlawful for similar, although not identical, reasons.

All Plaintiffs allege that the final rule, including Federal Defendants' new interpretation of "take," is unlawful under the APA because it is inconsistent with: (1) the ordinary meaning of the statutory terms "take" and "harm"; (2) the Supreme Court's decision in *Babbitt v. Sweet*

[2] *See* 16 U.S.C. § 1532(19).

*Home Chapter of Communities for a Great Oregon*, 515 U.S. 687 (1995); (3) the meanings of and interrelationship between provisions of the ESA as a whole; and (4) over fifty years of congressional review and enactments, regulatory enactments, and agency policies confirming that "take," including "harm," includes actions that unintentionally, incidentally, and indirectly adversely affect listed species, including actions that modify or destroy listed species' habitat.

All Plaintiffs allege that the final rule is an arbitrary and capricious agency action and is an abuse of discretion because Federal Defendants failed to explain and justify their decision as required by the APA.

All Plaintiffs allege that Federal Defendants failed to prepare an environmental analysis evaluating the environmental effects of the Final Rule before finalizing it, in violation of the National Environmental Policy Act (NEPA) and the APA.

Plaintiffs Environmental Protection Information Center et al. (EPIC) and Plaintiff Defenders of Wildlife allege that Federal Defendants failed to engage in legally required consultation under Section 7(a)(2) of the ESA as to whether those actions may jeopardize the continued existence of listed species or destroy or adversely modify designated critical habitat for such species. EPIC alleges Federal Defendants also violated Section 7(d) of the ESA by making an "irretrievable commitment of resources" before completion of consultation under Section 7(a)(2). 16 U.S.C. § 1536(d).

The Court has authority to vacate and remand Federal Defendants' actions for reconsideration. It also has authority to issue preliminary or permanent injunctive relief, if necessary.

<u>Federal Defendants' Position</u>:

Federal Defendants' legal position is set out in their motions for summary judgment, filed October 7, 2026. Plaintiffs' claims are without merit, and Federal Defendants are entitled to summary judgment on all claims.

4. Motions.

- Federal Defendants have moved for summary judgment.
- Plaintiffs have moved to hold the briefing schedule for Federal Defendants' motions for summary judgment in abeyance.
- Plaintiffs also anticipate a potential need to file motions to complete the administrative record.

5. Amendment of Pleadings.

State Plaintiffs anticipate a potential need to file a supplemental complaint, as provided in the proposed case management schedule set forth below. Federal Defendants will oppose any motion to file a supplemental complaint.

6. Evidence Preservation.

The parties have reviewed the Guidelines Related to the Discovery of Electronically Stored Information (ESI) regarding reasonable and proportionate steps to be taken to preserve evidence relevant to the issues reasonably evident in this case. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

Federal Defendants also state that, as noted in Item 8 below, this case is an action for review on an administrative record, and discovery is not appropriate. Federal Defendants filed the administrative record on October 7, 2026.

7. Disclosures.

No initial disclosures have been made. At this time, the Plaintiffs do not anticipate seeking discovery.

8. Discovery.

Plaintiffs' Position:

At this time, the Plaintiffs do not anticipate seeking discovery.

Defendants' Position:

Plaintiffs' claims arise under the APA and are subject to review on an administrative record. Federal Defendants filed the administrative record on October 7, 2026. Therefore, this case should not involve discovery.

9. Class Actions.

These cases are not class actions.

10. Related Cases.

This case has been related to *Environmental Protection Information Center et al. v. National Marine Fisheries Service*, *et al*., 3:26-cv-07176-VC, and *Defenders of Wildlife v. U.S. Fish and Wildlife Service*, *et al.*, 3:26-cv-07507-VC. Additionally, the final rule has been challenged in the U.S. District Court for the District of South Carolina (*National Wildlife Federation v. U.S. Fish and Wildlife Service*, No. 2:26-cv-02897-RMG (D.S.C.)), and in three cases filed in the U.S. District Court for the Western District of Washington and consolidated as *Swinomish Indian Tribal Community et al. v. National Marine Fisheries Service*, 2:26-cv-02473-TMC (W.D. Wash).

11. Relief.

Plaintiffs intend to seek declaratory relief, vacatur, and, if necessary, preliminary or permanent injunctive relief. No damages are sought. Federal Defendants oppose all relief sought and specifically note that any preliminary injunctive relief would be inappropriate given Plaintiffs' delay in seeking any such relief.

12. Settlement and ADR.

The parties have complied with ADR L.R. 3-5 and, by teleconference on October 2, 2026, discussed the ADR options provided by this Court and private entities. The parties agree that: (1) they have principled differences of opinion as to the meaning of the ESA, NEPA, and the APA, and (2) their differences should be resolved on cross-motions for summary judgment.

13. Other References.

Plaintiffs declined magistrate judge jurisdiction and the first-filed case was reassigned to this Court; the subsequent two cases were ordered related to the first-filed case. The parties agree this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues.

The parties agree that summary judgment is the appropriate vehicle for resolving Plaintiffs' claims as currently pleaded. The parties do not request that this Court bifurcate issues, claims, or defenses.

15. Scheduling.

The parties disagree as to an appropriate schedule for briefing and resolving this case, and set forth their proposed schedules, and reasoning, below.

Plaintiffs' Position:

Plaintiffs' proposed schedule is as follows:

**November 20, 2026**: Plaintiffs shall file any supplemental complaints and any motions to complete and/or supplement the administrative record. If no such complaints or motions are filed, cross-motions for summary judgment shall proceed on the following schedule:

**January 20, 2027**: Plaintiffs in each of the three related cases shall each file a motion for summary judgment.

**March 8, 2027**: Federal Defendants shall file cross-motions for summary judgment combined with their oppositions to Plaintiffs' motions for summary judgment.

**April 22, 2027**: Plaintiffs in each of the three related cases shall each file an opposition to Federal Defendants' cross-motion for summary judgment combined with a reply in support of their motion for summary judgment.

**June 7, 2027**: Federal Defendants shall file their replies to Plaintiffs' oppositions to Federal Defendants' cross-motions for summary judgment.

Plaintiffs' proposed schedule is fair, reasonable, expeditious, and aligns with the Local Rules and this Court's Civil Standing Order. The final rule became effective only 26 days ago

and is not retroactive. 91 Fed. Reg. at 43300. State Plaintiffs just filed their amended complaint on October 5, and State Plaintiffs' amended complaint has not yet been served. Federal Defendants filed answers to the complaints on October 7, 2026.

Plaintiffs propose a summary judgment briefing schedule that follows the normal sequence of pleadings and briefing on a reasonably expedited basis. See L.R. Civ. P. 16-5; Standing Order Para. 42. Plaintiffs request this Court enter their proposed schedule for the following reasons:

- Plaintiffs' schedule allows for proper consideration of the administrative record.

  Plaintiffs contend that any administrative record issues should be resolved prior to any briefing on dispositive motions. Federal Defendants argue that this case presents purely legal issues, but Plaintiffs are the parties bringing these claims and pursuing relief. Plaintiffs brought claims under the APA, which are reviewed—by law—on the administrative record. Plaintiffs are challenging significant changes to the ESA's implementing regulations with an administrative record containing over 350,000 comments. 91 Fed. Reg. 43300, 43302. As a matter of fairness, Plaintiffs should be permitted to see, review, and resolve any issues regarding the administrative record before dispositive motions briefing begins, as is typical in cases of this nature.

  Federal Defendants filed an Administrative Record on Wednesday, October 7, 2026, and Plaintiffs have already identified serious problems with the contents of the record. Namely, Federal Defendants have failed to include the public comments in the record and have instead provided only a link to regulations.gov. Additionally, the information provided at the provided link indicates that there are more than 100,000 comments that were submitted that are not available to this link. Plaintiffs should be provided a reasonable opportunity to review the contents of the record and make their own determinations regarding whether the record is complete before moving to summary judgment.

- Plaintiffs' schedule best complies with local rules.

The schedule proposed by Plaintiffs best complies with the local rules and this Court's standing orders. Under Federal Defendants' proposal, they would file the opening brief for summary judgment (which they did on October 7) and would require Plaintiffs to file a cross-motion for summary judgment and opposition to Federal Defendants' motion on October 28, 2026, which is 21 days after receipt of the administrative record. Local Rule 16-5 governs procedures for actions for review on an administrative record and provides that *plaintiffs* must file the opening brief on summary judgment. Local Rule 16-5 also provides for a minimum of 28 days to file a motion for summary judgment after receipt of the administrative record. Federal Defendants have not filed a motion for an order shortening time. Likewise, this Court's standing order provides that unless the parties agree to reverse the order (which Plaintiffs have *not* agreed to), *plaintiffs* file the first brief on cross-motions for summary judgment. The Court's rules make sense because Plaintiffs have the burden of proof in these proceedings and Plaintiffs ask the Court to apply those rules here. In Plaintiffs' collective experience, this schedule reflects standard practice for challenges under the APA.

The time provided by the Plaintiffs' proposed schedule is reasonable and necessary to allow for the orderly consideration of this case. State Plaintiffs are twenty-one separate sovereigns. Plaintiffs EPIC, et al., is a coalition of four public interest groups and one individual, and Plaintiff Defenders of Wildlife is a public interest group independent of that coalition. Reasonable time is required for coordination between these parties. In particular, State Plaintiffs require reasonable time for each sovereign to review and consent to filings. Again, in Plaintiffs' collective experience, this schedule is reasonable and expeditious for a case of this nature. Federal Defendants are not prejudiced by this schedule. Federal Defendants have only offered vague claims of uncertainty regarding interpretation of the ESA, a rationale that exists in every case involving statutory interpretation.

- Plaintiffs' schedule allows for supplementation/amendment of the complaint.

  Plaintiffs are still considering whether to file amended and/or supplemental complaints, including possibly adding certain allegations regarding Federal Defendants' actions taken since the final rule published.[3] Federal Defendants may oppose such a motion, as they have indicated, but it is improper for them to ask this Court to de facto deny such a motion through the case management statement based on speculation regarding the nature of Plaintiffs' potential supplemental claims. Under this Court's Standing Orders, "[t]he last day to amend pleadings will typically be 60 days after the initial case management conference." Para. 15. The deadline proposed by Plaintiffs (November 20) is well before this typical deadline. Plaintiffs have not unreasonably delayed and should be afforded the opportunity to move to amend if they so choose.

Federal Defendants' Position:

**Pleadings**:

Plaintiffs have amended their complaints as a matter of right, and they may not file another amendment without leave of court or permission from Federal Defendants. Federal Defendants have not received a notice of intent to sue from the State Plaintiffs. Thus, it does not appear that the State Plaintiffs will be able to raise a claim under the ESA citizen-suit provision by the date proposed in their schedule. Federal Defendants respectfully submit that the pleadings should be considered closed.

**Defendants' proposed schedule**:

Plaintiffs' scheduling proposal improperly delays this case. On October 7, 2026, Federal Defendants filed the administrative record and motions for summary judgment. Briefing should proceed according to the local rules, which place Plaintiffs' responses due on October 21, 2026,

[3] State Plaintiffs' case was just filed on September 9, 2026, ordered related to the other two cases on September 30, 2026, and service remains in process.

and Federal Defendants reply briefs due on October 28, 2026. The matter has been noticed for a hearing on November 19, 2026, at 10:00 a.m. Despite Federal Defendants properly filed summary judgment motions, Plaintiffs now request a lengthy schedule that seeks to tacitly strike those motions. Yet Plaintiffs fail to provide good cause to strike Federal Defendants' motions, and their preferred schedule will unnecessarily and prejudicially impede the "just, speedy, and inexpensive" resolution of this case. Fed. R. Civ. P. 1.

First, Plaintiffs' complaints raise purely legal challenges to an agency rule. Those complaints are extensive, setting out in detail the specific legal theories on which Plaintiffs rely. When asking this Court to delay resolution of Federal Defendants' summary judgment motion, Plaintiffs fail to grapple with the extensive nature of their complaints and legal challenges they have already prepared and filed with the Court.

Second, while the Court's local rules set alternative schedules to file motions for summary judgment, Federal Rule of Civil Procedure 56(b) expressly authorizes Federal Defendants to file motions for summary judgment at any time. *See* Fed. R. Civ. P. 56(b); *California v. Bureau of Land Management*, 277 F.Supp.3d 1106, 1116 (N.D. Cal. 2017). The government's motion is therefore properly filed, and Plaintiffs have not shown that these motions should be stricken or delayed under Federal Rule of Civil Procedure 56(d). They provide no sworn statement showing that Plaintiffs *cannot* present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). Quite the contrary. Plaintiffs' preference for a slow schedule appears to be based mainly on a desire to coordinate among the multiple parties and attorneys on their side. Their concerns appear to be overstated, as Plaintiffs filed extraordinarily detailed complaints quickly after Federal Defendants published the challenged rule. Plaintiffs also cite the September 2026 effective date of the rule as justifying delay, but two groups of Plaintiffs filed their lawsuits in July 2026, well before the rule's effective date.

Third, Plaintiffs' supposed forthcoming dispute with the administrative record provides no basis for delay. "[B]arring 'clear evidence to the contrary,' we 'presume that an agency properly designated the Administrative Record.'" *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024). The administrative record expressly includes all public comments and other supporting documents contained on the formal public docket: Public Docket No. FWS-HQ-ES-2025-0034, available at https://www.regulations.gov/docket/FWS-HQ-ES-2025-0034; *see* Case No. 3:26-cv-7176, Dkt. No. 36-1 (Admin. Record Index) (incorporating the docket as part of the record). Plaintiffs' complaints with the publicly available docket are not disputes about the record itself, but complaints over how Plaintiffs might cite the record. This complaint is unfounded. Plaintiffs can access the public docket and cite documents by docket number and page number, or they may expend their own resources to prepare exhibits. But Plaintiffs provide no legal basis for asking the government to prepare documents in a way Plaintiffs find preferable to their litigation strategy.[4]

Fourth, Plaintiffs' proposal for delay is prejudicial to Federal Defendants. The harm rescission rule is effective now, and Federal Defendants are implementing and administering the ESA. Plaintiffs' facial challenge to a properly promulgated regulation casts unnecessary uncertainty and confusion on the proper interpretation and application of the ESA. There is no just reason to perpetuate this uncertainty into mid -to-late 2027, or longer if summary judgment

[4] Plaintiffs also suggest there is a "serious problem[]" with the record due to an alleged discrepancy between the number of comments received and those available for viewing on the regulations.gov docket. Plaintiffs appear to misunderstand how the total number of submissions are tallied. Bulk submissions or mass mailings may be published on the docket just once, even though the duplicates are included in the total number of submissions received. *See* https://www.regulations.gov/docket/FWS-HQ-ES-2025-0034 (comparing number of submissions published to number of submissions received). For example, the agencies tallied 350 duplicate or significantly similar comments associated with one letter from Center for Biological Diversity. *See* Mass Mailing from Center for Biological Diversity, Comment ID FWS-HQ-ES-2025-0034-212953, https://www.regulations.gov/comment/FWS-HQ-ES-2025-0034-212953. Plaintiffs provide no reason why a record must reproduce such duplicates to allow for effective judicial review.

briefing on purely legal questions is stayed pending resolution of administrative record motions. Plaintiffs' request is therefore prejudicial, particularly in the absence of a proper showing under Federal Rule of Civil Procedure 56(d) that such delay is necessary.

Finally, even if the Court were to adopt a schedule that departs from the Local Rules, Plaintiffs' schedule is far removed from the Court's preference for a seven-week briefing schedule on cross-motions. Nor does their schedule comply with Local Rule 16-5, which requires a plaintiff to serve its motion within 28 days of the filing of the record. Plaintiffs would give themselves a full five months to brief a discrete legal issue, starting *next year*. If the Court is inclined to entertain cross-motions to resolve this case, Federal Defendants respectfully request that the Court enter the schedule set forth below, which reverses the order of cross-motions and thus begins with Federal Defendants' already-filed motion.

In sum, given the absence of factual disputes, the purely legal nature of the issues, Plaintiffs' comprehensive pleading of their claims, and the pendency of Federal Defendants' summary-judgment motions, there is no just reason to delay summary judgment or to postpone the ultimate resolution of this case through adoption of Plaintiffs' proposed schedule. *See California*, 277 F. Supp. 3d at 1116. Because Plaintiffs' proposal for delay is prejudicial, Federal Defendants respectfully request that the Court adopt a schedule requiring Plaintiffs to respond to the pending motions for summary judgment—either on schedule provided under the Local Rules or, if Plaintiffs intend to cross move for summary judgment, on the schedule proposed below:

**Alternative Cross-motion schedule**:

- By **October 28, 2026,** which is 21 days after Federal Defendants filed their summary judgment brief, Plaintiffs shall file their combined cross-motion for summary judgment and opposition to Federal Defendants' motion for summary judgment.

- By **November 18, 2026**, which is 21 days after Plaintiffs' combined cross-motion and opposition, Federal Defendants shall file their opposition to Plaintiffs' combined cross-motion for summary judgment and reply in support of their motion for summary judgment.

- By **December 2, 2026**, which is 14 days after Federal Defendants' opposition and reply, Plaintiffs shall file their combined reply in support of their cross-motion for summary judgment.

16. Trial.

The parties agree this case can be resolved on summary judgment.

17. Disclosure of Non-Party Interested Entities or Persons.

All Plaintiffs required to file disclosures of non-party interested entities or persons have done so.

18. Professional Conduct.

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. Other.

Federal Defendants respectfully request that the Court consider whether these cases are appropriate for consolidation, with Plaintiffs' briefing cumulatively falling within the Court's local rule page limits.

Plaintiffs oppose the request to require these three distinct sets of plaintiffs, including twenty-one separate sovereigns, share the page limit meant for one brief. As discussed in Section 3, above, some of Plaintiffs' claims overlap, but they are not identical. Limiting the briefing in this manner would significantly prejudice all Plaintiffs, require burdensome coordination between the 27 plaintiffs, and would not provide the Court with the most thoughtful and comprehensive arguments regarding this important and complex case involving multiple claims on a matter of national import.

Dated: October 9, 2026

Respectfully submitted,

/s/ Erica H. Pencak

JANE P. DAVENPORT
(California Bar No. 193275)

ERICA H. PENCAK, *pro hoc vice*
(District of Columbia Bar No. 90041087)
DEFENDERS OF WILDLIFE
1130 17th Street NW
Washington, DC 20036
(202) 772-3274
jdavenport@defenders.org
epencak@defenders.org

RYAN ADAIR SHANNON, *pro hac vice*
(Oregon Bar No. 155537)
DEFENDERS OF WILDLIFE
2009 NE Alberta St. #207
Portland, OR 97211
(503) 899-0663
rshannon@defenders.org

WILLIAM NAZAR CARLON
(California Bar No. 305739)
LAW OFFICE OF WILLIAM CARLON
437 Post St.
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

*Attorneys for Plaintiff Defenders of Wildlife*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division
United States Department of Justice

MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief

*<u>/s/ Sara M. Warren</u>*

SARA M. WARREN, Trial Attorney (GA Bar 966948)
MICHELLE M. SPATZ, Senior Trial Attorney (DC Bar 1044400)
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611

Washington, D.C. 20044-7611
202-598-5785 (Warren); 202-598-9741 (Spatz)
sara.warren@usdoj.gov;
michelle.spatz@usdoj.gov

ALEC BOWMAN, Trial Attorney (DC Bar 90019707)
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
202-532-3098
alec.bowman@usdoj.gov
*Attorneys for Federal Defendants*