UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE and NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | No. 3:26-cv-07507-VC<br><br>Related Cases: 3:26-cv-07176-VC; 3:26 cv-10071-VC<br><br>**PLAINTIFFS' JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**<br><br>**Date: Dec. 10, 2026**<br>**Time: 10:00 a.m.**<br>**Courtroom 3, 17th Floor**<br>**Hon. Vince Chhabria** |
| ENVIRONMENTAL PROTECTION INFORMATION CENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>Defendants. | |
| STATE OF CALIFORNIA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOUG BURGUM, et al.,<br><br>Defendants. | |

## TABLE OF ABBREVIATIONS

| Abbreviation | Definition |
|---|---|
| APA | Administrative Procedure Act |
| AR | Administrative Record for the Rescission |
| CE | Categorical Exclusion |
| Defenders | Defenders of Wildlife |
| ESA | Endangered Species Act |
| Final Rule | 91 Fed. Reg. 43300 (July 14, 2026) |
| NEPA | National Environmental Policy Act |
| NMFS | National Marine Fisheries Service |
| Proposed Rule | 90 Fed. Reg. 16102 (Apr. 17, 2025) |
| Rescission | The Services’ rescission of the regulatory definitions of “harm” and reinterpretation of the statutory term “take” under the Endangered Species Act |
| Services | U.S. Fish and Wildlife Service and National Marine Fisheries Service |

## NOTICE OF MOTION

Pursuant to Civil L.R. 7, all Plaintiffs in the three related cases before this court, *Defenders of Wildlife v. U.S. Fish and Wildlife Service, 3:26-cv-07507-VC, EPIC v. National Marine Fisheries Service, 3:26-cv-07176-VC*, *and State of California v. Burgum*, *3:26-cv-10071-VC* (collectively, "Plaintiffs"), respectfully move this Court to order Defendants to complete the administrative record for these cases. This motion will be argued on December 10, 2026, at 10:00 a.m. PST, Courtroom 3, 17th Floor, or as soon thereafter as the matter may be heard, before the Honorable Vince Chhabria, United States District Judge, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

Plaintiffs move this Court to require Defendants to prepare a complete administrative record by submitting to the Court all documents the U.S. Fish and Wildlife Service ("FWS") and the National Marine Fisheries Service ("NMFS") (collectively, "the Services") directly or indirectly considered in rescinding the regulatory definitions of "harm" and reinterpreting the statutory term "take" under the Endangered Species Act ("ESA") ("the Rescission").

## INTRODUCTION

The administrative record for the Rescission ("AR") is neither proper nor complete. The Services have taken the highly unorthodox approach of incorporating by reference nearly all public comments on the Rescission posted to Regulations.gov, rather than producing Bates-stamped copies of each comment in the AR. Additionally, NMFS's findings that the agency is exempt from further environmental review under the National Environmental Policy Act ("NEPA") are absent from the AR. The Services have not complied with their duty to compile and submit the "*whole* record" for this Court's review. 5 U.S.C. § 706 (emphasis added); *see also Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419–20 (1971). The Services must remedy these errors, and fulfill their statutory obligations, by revising the AR to include the omitted materials for the benefit of all Parties and the Court.

## PROCEDURAL BACKGROUND

The Services published the proposed Rescission rule on April 17, 2025. Rescinding the

Definition of "Harm" Under the Endangered Species Act, 90 Fed. Reg. 16102 (Apr. 17, 2025) ("Proposed Rule"). In July 2026, the Services published the final Rescission rule. Rescinding the Definition of "Harm" Under the Endangered Species Act, 91 Fed. Reg. 43300 (July 14, 2026) ("Final Rule"). In the Final Rule, the Services reported receipt of approximately 358,000 public comments on the Proposed Rule by the close of the public comment period on May 19, 2025, and that they had satisfied their environmental review obligations under NEPA by applying a categorical exclusion ("CE"). *Id.* at 43302, 43307–08.

Plaintiff Defenders of Wildlife ("Defenders") initiated its challenge to the Rescission in July 2026, bringing claims under the Administrative Procedure Act ("APA"), the ESA, and NEPA, Defenders Dkt. Nos. 1, 25. Plaintiffs in *Environmental Protection Information Center et al. v. National Marine Fisheries Service et al.*, ("EPIC") also filed their challenge to the Rescission in July 2026, bringing claims under the APA, the ESA, and NEPA. EPIC Dkt. Nos. 1, 33. Plaintiffs in *State of California, et al., v. Burgum, et al.*, 3:26-cv-11071-VC ("California") filed their challenge to the Rescission in September 2026, bringing claims under the APA and NEPA. California Dkt. Nos. 1, 50. All three cases have been related. Defenders Dkt. Nos. 13, 27.

The Services lodged the certified AR with this Court on October 7, 2026, Dkt. No. 30-2.[1] The Bates-stamped portion of the AR spans just 254 pages and includes copies of only two of the hundreds of thousands of comments received on the Proposed Rule. *See id.* at AR0026–29, AR0030–33, AR0034–35; Final Rule, 91 Fed. Reg. at 43302. The index to the AR states that "[a]ll public comments and other supporting documents on Public Docket No. FWS-HQ-ES-2025-0054, available at https://www.regulations.gov/docket/FWS-HQ-ES-2025-0034, are incorporated into the administrative record." Dkt. No. 30-1. The index further states that "[e]ach document may be referred to by its Public Docket ID No. . . . and an internal page cite in lieu of Bates numbers." *Id.* On October 23, 2026, thirteen days before filing this motion, Plaintiffs sent a letter to counsel for the Services requesting completion of the AR with all public comments received on the Proposed Rule and the NMFS CE documentation referenced in the Final Rule. Ex. 1. As of the date of filing

[1] From this point forward, "Dkt. No". refers to the *Defenders* docket (3:26-cv-07507-VC).

this motion, the Services have neither responded to the letter nor remedied their omissions.

**ARGUMENT**

The Services have not compiled or produced a complete, usable AR. The APA requires judicial review of agency action to be based on "the whole record," 5 U.S.C. § 706, which must include "*everything* that was before the agency pertaining to the merits of its decision," *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1538 (9th Cir. 1993) (emphasis added); *see also Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) ("The 'whole' administrative record . . . consists of all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position.") (citation omitted). If the AR is incomplete, the requirement that an agency decision be supported by "the administrative record" becomes "almost meaningless," as an "incomplete administrative record must be viewed as a fictional account of the actual decisionmaking process." *Portland Audubon*, 984 F.2d at 1548 (citation and internal quotation marks omitted). Though an agency's statement of the administrative record is subject to a presumption of regularity, that presumption is overcome with "clear evidence" that the missing documents would "identify and plug holes in the administrative record." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 444, 446 (9th Cir. 2024), *cert. denied,* 145 S. Ct. 1048 (2025) (citation omitted).

The Services' proffered AR has clear deficiencies that frustrate orderly and efficient judicial review: it does not include Bates-stamped copies of the vast majority of public comments on the Proposed Rule or the NMFS CE documentation, all of which were before the Services when they were finalizing the Rescission and their environmental review under NEPA. Dkt. No. 29, ¶ 126 (Defendants' Answer, denying that "NMFS has not published a document explaining its invocation of a NEPA CE"). For the AR to be made whole—and for this Court and the Parties to be able to efficiently access and cite to a complete AR—the Services must remedy their prior omissions and include these materials in the AR.

# I. The AR is Neither Complete nor Usable Without Bates-Stamped Copies of All Public Comments

## A. All Public Comments and Attachments are Necessarily Part of the Whole AR

The basis for review required by section 706 of the APA is "the 'whole record' compiled by the agency." *Citizens to Pres. Overton Park*, 401 U.S. at 419 (quoting 5 U.S.C. § 706). Documents which are part of the whole AR must be filed with the reviewing district court "as part of the administrative record and for the Court's *convenient* reference." *Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 27 (D.D.C. 2013), *aff'd sub nom. Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46 (D.C. Cir. 2015) (citation omitted) (emphasis added).

All public comments and attachments submitted to the Services on the Proposed Rule are part of the whole AR, as the Services' consideration of and responses to those submissions is a mandatory part of the APA's notice-and-comment rulemaking process for the Rescission. *See* 5 U.S.C. § 553. After publishing notice of a proposed rule in the Federal Register, agencies must "give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments." *Id.* § 553(c). Further, agencies "must consider and respond to significant comments received during the period for public comment." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015). "[W]ithout reviewing the public comments . . . it is difficult [for the Court] to determine whether [an agency] considered those public comments, or even incorporated any of them, in its decisionmaking." *Doe v. Trump*, No. 3:19-CV-1743-SI, 2020 WL 1853657, at *5 (D. Or. Apr. 13, 2020). There thus can be "no reasonable dispute" that each comment submitted to, and received by, the Services is a "document[] or material[] directly or indirectly considered by agency decisionmakers. *See Bartell Ranch LLC v. McCullough*, No. 3:21-CV-00080-MMD-CLB, 2021 WL 6118738, at *5 (D. Nev. Dec. 27, 2021) (comments on NEPA review were undoubtedly part of the administrative record) (citation omitted).

## B. The AR is Incomplete Without Copies of the Hundreds of Thousands of Excluded Public Comments

The AR produced by the Services in this case includes Bates-stamped copies of only *two* of the hundreds of thousands of public comments received on the Proposed Rule, *see* Dkt Nos. 30-

1, 30-2. The remaining hundreds of thousands of public comments and all of their attachments—more than 99% of submissions reported by the Services—instead were simply incorporated by reference to the Regulations.gov public comment docket. Dkt. No. 30-1.

To provide a whole and complete AR, the Services must produce copies of each comment and any attachments submitted on the Proposed Rule. This requirement is fulfilled by providing a single, well organized, complete and Bates-stamped repository of these comments and attachments, for the Court and parties' "convenient reference," to be cited to in future filings. *See Dist. Hosp. Partners, L.P.*, 971 F. Supp. 2d at 27 (citation omitted); s*ee, also*, U.S. Dep't of the Interior, *Standardized Guidance on Compiling a Decision File and an Administrative Record* 12 (2006) (ARs should be organized "so that someone unfamiliar with the issue can find documents quickly," and "[a]ll documents . . . should be numbered using the same system");[2] Admin. Conf. of the U.S., *Handbook on Compiling Administrative Records for Informal Rulemaking* 39 (2022) (a final AR is usually submitted as a logically ordered, consecutively numbered PDF).[3]

Incorporation by reference to the Regulations.gov docket in the index of an administrative record is not a proper substitute for a static and self-contained compilation of public comments and precludes efficient judicial review of the whole administrative record. To start, providing all documents in a single repository is necessary to ensure that the AR is, in fact, whole. Though the Services suggest the Court and Plaintiffs can access the hundreds of thousands of excluded comments via Regulations.gov, *see* Dkt. No. 30-1, this website is subject to numerous technical constraints which limit its practical usability in this litigation, and there are significant questions as to the completeness of the online docket and whether some documents remain inaccessible.

First, it is unclear whether the Regulations.gov online docket is complete and includes all comments and attachments submitted on the Proposed Rule. The Services reported receiving approximately 358,000 comments, Final Rule, 91 Fed. Reg. at 43302, and this count is reflected

---

[2] Available online at npgallery.nps.gov/WSR/GetAsset/b3865d2e-e69f-4cc3-84bb-412de653a3ef/original.

[3] Available online at https://www.acus.gov/sites/default/files/documents/ACUS_Handbook_on_Compiling_Administrative_Records.pdf.

in the "Document Details" for the Proposed Rule on Regulations.gov, *Proposed Rule: Rescinding the Definition of Harm under the Endangered Species Act*, Regulations.gov, regulations.gov/document/FWS-HQ-ES-2025-0034-0001 (last visited Nov. 4, 2026). The "Document Comments" tab on that page, however, displays only 242,900 submissions. *Id.* This over a hundred-thousand-comment discrepancy may be accounted for by methods for tallying bulk submissions and mass mailings. *See* Dkt. No. 34 at 11 n.4 (Defendants' statement in the Joint Status Report that "[b]ulk submissions or mass mailings may be published on the docket just once, even though the duplicates are included in the total number of submissions received"). But this is difficult to verify using Regulations.gov alone.

While it is possible to download a spreadsheet index of all public comments received on the Proposed Rule, and add up the number of comments designated on that spreadsheet as "mass mailings," and compare that to the total number of comments the Services reported they received, Pencak Decl., Ex. 2, at ¶¶ 21–22, this is a laborious and impractical, multi-step process that would not be necessary if the Services had produced the AR as a single repository of Bates-stamped copies of all documents they considered.

Second, only 1,000 comments at a time are visible on Regulations.gov when the user is not searching for a specific comment. When the user is viewing the comments on Regulations.gov through a default "Best Match" browse function, the website shows 40 pages of public comments, with each page containing 25 individual comments. Upon reaching the fortieth page, the site notes that it is "Displaying 976 - 1000 of 242,900 results"; however, no further comments are displayed. *See id. at* ¶ 16 . The comments can only be sorted in two additional ways: 1) by the newest posted, and 2) by the oldest posted, but still only the 1,000 newest or 1,000 oldest are displayed. This amounts to a maximum of 3,000 of the approximately 358,000 comments received being available for review on Regulations.gov through the browse function. *Id.* Otherwise, the only other way to view comments is for Plaintiffs to search for a specific comment using the downloaded spreadsheet index of documents to find a specific name of a commenter or comment ID number and then input that information to search Regulations.gov for the comment and any attachments. *Id.* at ¶¶ 17–20.

Thus, Plaintiffs and the Court have no way of viewing the overwhelming majority of the comments or attachments unless they individually enter the names of each commenter or comment ID into the search function. While the Regulations.gov server technically may include 242,900 non-duplicative comments, it is difficult to confirm this and extremely difficult for Plaintiffs or the Court to find, download, or reference these comments.

Third, even assuming the online docket is complete, it is unclear that the incorporation-by-reference method of producing documents has led to an AR that is, and will remain, "whole" for the purposes of APA review. Since the Services have not produced the AR as a single repository of Bates-stamped documents, unless the Court downloads each of the 242,900 posted comments and all of the attachments to those comments from Regulations.gov, the Court will only have access to a limited universe of documents: the two comments in the AR, any comments attached to a party's motion, and comments that the Court has hunted down on its own. The sheer number of comments and attachments raises serious questions as to whether, under these circumstances, the Court would truly have the "whole administrative record" before it.

Questions about the sufficiency of Regulations.gov as part of the AR are amplified by the passage of time. Regulations.gov is a dynamic website that is not under the Court's control, and it is not guaranteed that the online docket will remain available and unchanged throughout this litigation and appeals. *See, e.g.*, Lawrence Lessig et al., *Perma: Scoping and Addressing the Problem of Link and Reference Rot in Legal Citations*, 127 Harv. L. Rev. 176, 178 (2014) (discussing the problem of "link rot" in legal work, with "50% of the URLs within U.S. Supreme Court opinions . . . not produc[ing] the information originally cited"); Ian James & Noah Haggerty, *Trump administration shuts down U.S. website on climate change*, LA Times, July 1, 2025, latimes.com/environment/story/2025-07-01/trump-us-climate-website (noting the removal of data and websites with information on climate change).

Requiring the Services to produce all comments received in a Bates-stamped AR is the most efficient and reasonable way to ensure that both the Parties, this Court, and potentially higher courts have ready access to a complete AR, and would also guard against subsequent potential loss

or alteration of the information on the Regulations.gov website. *See Calif. v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 893 (N.D. Cal. 2020) (requiring an agency to account for discrepancy between the number of comments in the AR and on Regulations.gov).

### C. Including All Public Comments in the AR Record Will Improve the Efficient Administration of this Case

Accessing a quarter million public comments and their attachments solely through Regulations.gov also places an undue burden on both the Court and Plaintiffs, essentially requiring Plaintiffs to independently re-create the AR through a cumbersome process that will result in an unwieldly, lengthy and non-uniform citation format.

In order to review and cite to a particular document in the AR, the Court or plaintiffs would need to download it from Regulations.gov. Moreover, many public comments are themselves submitted as attachments, since the text box provided on Regulations.gov generally limits the commenter to 5,000 characters. Pencak Decl., Ex. 2, at ¶¶ 4–5. Further, many public commenters attached multiple exhibits to their comments. *Id.* at ¶¶ 6, 10, 12 With the Services' approach, after downloading all comments and attachments, Plaintiffs will then need to attach any comments or attachments they cite to in filings as exhibits and ensure that such filings meet ECF filing requirements. But then this Court and the Services would need to cross-reference Plaintiffs' attachments with Regulations.gov—likely searching for each comment or attachment individually—in order to verify their authenticity.

This all could be avoided if the comments and attachments were produced in an orderly administrative record, and the Services are best equipped to do so, especially given that they were required to consider "the relevant matter presented" in adopting the Final Rule, *see* 5 U.S.C. § 553(c), and thus should already have the comments and attachments in their possession.

If the Court or the Plaintiffs instead attempt to review the AR through Regulations.gov's search function, rather than by downloading all comments and attachments, they will face additional hurdles. Unlike comments typed directly in a text box on Regulations.gov, the contents of comments submitted as attachments are not searchable on Regulations.gov. Pencak Decl., Ex.

2, at ¶ 19. While a bulk download identifies the number of attachments to each comment, it does not provide any further descriptive information about what the attachments contain. *Id.* at ¶ 23. Compared to a standard searchable AR with all public docket submissions in separate hyperlinked PDFs, the Services' proposed process for accessing comments and attachments—including many attached technical comment letters—is impractical, time-consuming, and highly inefficient.

The Services' approach also creates inefficiencies for the Court and Plaintiffs in citing to documents in the AR and in reviewing such citations. To cite documents in the Public Docket at Regulations.gov, the Services propose that "[e]ach document may be referred to by its Public Docket ID No. (beginning with FWS-HQ-ES-2025-0034-) and an internal page cite in lieu of Bates numbers." Dkt. No. 30-1. This proposed citation format is overly lengthy and unwieldy compared to the traditional Bates-stamped citation format. It is also likely to cause confusion where a single Public Docket ID number includes multiple attachments, or when a single attachment includes several documents combined into one PDF, each with their own internal page numbers.

Furthermore, in order for the Court to review a Regulations.gov document cited in a party's brief, that document will need to be attached to the brief as an exhibit, which will likely result in numerous, lengthy exhibits to each brief. Even where a party attaches only a portion of the cited document from the docket as an exhibit, should the Court want to see the page before or after the cited page, it will have to go through a time-consuming process to find the relevant document on Regulations.gov. Unless the entire document is attached to a party's brief, the Court will need to navigate to the docket on Regulations.gov, click the "All comments published on docket" tab, copy and paste the source's Public Docket ID number into the "comments" search bar, and download the source in order to view the document. *See* Pencak Decl., Ex. 2, at ¶¶ 16–17. This will be especially difficult when a Public Docket ID number includes multiple attachments.

Having a single, searchable, Bates-stamped repository of all public comments and attachments is, in the collective experience of counsel for Plaintiffs in these related cases, the standard,. It is the most efficient and effective approach to producing the AR, and the Services are in the best position to produce that product. Yet the Services have put that burden on Plaintiffs and

this Court (and indeed on the Ninth Circuit, should any of these related cases be appealed). This highly unusual and inefficient approach cannot be permitted.

## II. The AR is Incomplete Without the NMFS CE Documentation

The Services also have failed to include NMFS CE documentation for NEPA compliance in the AR. In the Final Rule, the Services asserted that a CE applied to the Rescission and indicated that the supporting CE documentation would be available on Regulations.gov. Final Rule, 91 Fed. Reg. at 43307. The AR and online rulemaking docket both contain the CE documentation for FWS, but not for NMFS. Dkt. No. 30-2 at AR0036–AR0040; *Categorical Exclusion for NEPA Compliance,* https://www.regulations.gov/document/FWS-HQ-ES-2025-0034-242905 (last visited Nov. 4, 2026). The Services' Answer denies that NMFS failed to publish a document explaining its invocation of a NEPA CE, Dkt. No. 29, ¶ 126, but Plaintiffs have not been able to locate such a document. If NMFS CE documentation exists, it should be produced in the AR as a document directly considered by agency decisionmakers in determining the extent of NEPA review required for the Final Rule. *See Thompson*, 885 F.2d at 555.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant this motion to complete the AR by requiring the Services to include Bates-stamped copies of all documents and materials directly or indirectly considered by the Services, including all public comments and their attachments on the Rescission and the NMFS CE documentation.[4] This is necessary to support proper and efficient judicial review of the Rescission. In compliance with Local Rule 5-1, the filer of this document attests that all signatories listed have concurred in its filing.

---

[4] A coalition of plaintiffs in the Western District of Washington also have filed a motion to complete the Administrative Record for the Rescission. Plaintiffs' Joint Motion to Complete the Administrative Record, *Swinomish Indian Tribal Community, et al. v. National Marine Fisheries Service, et al.*, 2:26-cv-02473-TMC (W.D. Wash, Oct. 23, 2026), Dkt. No. 23. Should the Services be required to amend the Administrative Record following a ruling on that motion, that amended AR should be the same as the AR in this case. *See Thompson*, 885 F.2d at 555. That motion to complete is scheduled for hearing on November 13, 2026. There is also a case challenging the Rescission pending in the District of South Carolina; however, no motions on the AR have yet been filed in that case. *National Wildlife Federation et al. v. United States Fish and Wildlife Service et al.*, No. 2:26-cv-02897-RMG.

Dated: November 5, 2026

/s/ *Erica H. Pencak*

JANE P. DAVENPORT (CA Bar No. 193275)
ERICA PENCAK, *pro hac vice* (D.C. Bar No. 90041087)
DEFENDERS OF WILDLIFE
1130 17th Street NW
Washington, DC 20036
Telephone: (202) 772-3274
jdavenport@defenders.org
epencak@defenders.org

RYAN ADAIR SHANNON, *pro hac vice* (Oregon Bar No. 155537)
DEFENDERS OF WILDLIFE
2009 NE Alberta St. #207
Portland, OR 97211
(503) 899-0663
rshannon@defenders.org

WILLIAM NAZAR CARLON (CA Bar No. 305739)
LAW OFFICE OF WILLIAM CARLON
437 Post St.
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

*Attorneys for Plaintiff Defenders of Wildlife*

Thomas Edgerton Wheeler, CA Bar #304191
Environmental Protection Information Center
145 G Street, Suite A
Arcata, California 95521
Tel: (707) 822-7711
Email: tom@wildcalifornia.org

Peter Martin Koerber Frost, pro hac vice
Western Environmental Law Center
P.O. Box 533
Bend, Oregon 97709
Tel: (541) 359-3238
Email: frost@westernlaw.org

Karli Uwaine, pro hac vice

Western Environmental Law Center
120 Shelton McMurphey Boulevard, Suite 340
Eugene, Oregon 97401
Tel: (541) 255-0209
Email: uwaine@westernlaw.org

Attorneys for EPIC Plaintiffs

ROB BONTA
Attorney General of California
LAURA J. ZUCKERMAN
Supervising Deputy Attorney General

/s/ Jennifer Loda
JENNIFER LODA (SBN 284889)
TARA MUELLER (SBN 161536)

HEATHER M. LEWIS (SBN 291933)
SUSANA AGUILERA (SBN 341788)
Deputy Attorneys General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone: (510) 879-0754
Fax: (510) 622-2270
E-mail: Tara.Mueller@doj.ca.gov

*Attorneys for Plaintiff State of California*

NICK BROWN
Attorney General of Washington

*/s/ Maggie Baker Smith*
MAGGIE BAKER SMITH (*pro hac vice*)
ELIZABETH M. HARRIS (*pro hac vice*)
Assistant Attorneys General
Washington Attorney General's Office
Environmental Protection Division
800 5th Ave., Suite 2000, TB-14
Seattle, WA 98104-3188
Telephone: (360) 582-6569
E-mail: Maggie.Smith@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Michele Hunton*
MICHELE HUNTON (*pro hac vice*)
ZEUS SMITH (*pro hac vice*)
Assistant Attorneys General
Office of the Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
E-mail: Michele.Hunton@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN (*pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone: 410-576-6414
E-mail: sgoldstein@oag.maryland.gov

*Attorney for Plaintiff State of Maryland*

KRISTIN K. MAYES
Attorney General of Arizona

*/s/ Ashley R. Meyer*

KATHLEEN JENNINGS
Attorney General of the State of Delaware

/s/ *Vanessa L. Kassab*

ASHLEY R. MEYER*
Special Assistant Attorney General
Office of the Arizona Attorney General
Environmental Protection Unit
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-7753
E-mail: Ashley.Meyer@azag.gov

*Attorneys for Plaintiff State of Arizona*

IAN R. LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB*
Deputy Attorneys General
ROBIN L. JACOBS
Assistant Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
Telephone: (302) 683-8899
E-mail: vanessa.kassab@delaware.gov

*Attorneys for Plaintiff State of Delaware*

PHILIP J. WEISER
Attorney General of Colorado

/s/ *Christopher Breidenbach*
CARRIE NOTEBOOM (*pro hac vice*)
Assistant Deputy Attorney General
CHRISTOPHER BREIDENBACH (*pro hac vice*)
Senior Assistant Attorney General
Natural Resources and Environment Section
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: 720-508-6285
E-mail: Carrie.Noteboom@coag.gov

*Attorneys for State of Colorado*

ANNE LOPEZ
Attorney General of Hawai'i

*/s/ Danica Patel*
DANICA PATEL (*pro hac vice*)
Deputy Attorney General
425 Queen Street
Honolulu, HI 96813
Telephone: (808) 586-1500
Fax: (808) 586-1239
E-mail: Danica.L.Patel@hawaii.gov

*Attorney for Plaintiff State of Hawai'i*

WILLIAM TONG
Attorney General of Connecticut

*/s/ Daniel M. Salton*
DANIEL M. SALTON (*pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5250
E-mail: daniel.salton@ct.gov

*Attorney for Plaintiff State of Connecticut*

KWAME RAOUL
Attorney General of Illinois

*/s/ Joanna K. Brinkman*
JOANNA K. BRINKMAN (*pro hac vice*)
Complex Litigation Counsel
JASON E. JAMES
Assistant Attorney General
ROGER JOHNSON
Assistant Attorney General
Illinois Attorney General's Office
115 S. LaSalle St.
Chicago, IL 60603
Telephone: 312-814-3033
E-mail: joanna.brinkman@ilag.gov

*Attorneys for Plaintiff State of Illinois*

DANA NESSEL
Attorney General of Michigan

RAÚL TORREZ
Attorney General of New Mexico

/s/ Nathan A. Gambill
NATHAN A. GAMBILL (*pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
Environment, Natural Resources,
and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
Telephone: (517) 335-7664
E-mail: gambilln@michigan.gov

*Attorney for the State of Michigan*

KEITH ELLISON
Attorney General of Minnesota

/s/ Cat Rios-Keating
CAT RIOS-KEATING (*pro hac vice*)
Special Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 300-7302
E-mail: catherine.rios-keating@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota*

JENNIFER DAVENPORT
Attorney General of New Jersey

/s/ Lisa J. Morelli
LISA J. MORELLI, State Bar No. 137092
ALANA V. PACCIONE (*pro hac vice*)
Deputy Attorneys General
New Jersey Division of Law
25 Market Street
Trenton, New Jersey 08625
Telephone: (609) 376-2740
E-mail: Lisa.Morelli@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

PETER F. NERONHA
Attorney General of Rhode Island

/s/ Nicholas M. Vaz
NICHOLAS M. VAZ (*pro hac vice*)
Assistant Attorney General
Rhode Island Office of the Attorney General
Environment and Energy Unit Chief

/s/ J. Spenser Lotz
J. SPENSER LOTZ (*pro hac vice*)
Assistant Attorney General
Environmental Protection Bureau
201 Third St. NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 616-7560
E-mail: slotz@nmdoj.gov

*Attorney for Plaintiff State of New Mexico*

LETITIA JAMES
Attorney General of New York

/s/ Laura Mirman-Heslin
LAURA MIRMAN-HESLIN (*pro hac vice*)
Assistant Attorney General
Office of the New York State Attorney
General
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6091
E-mail: Laura.Mirman-Heslin@ag.ny.gov

*Attorney for Plaintiff State of New York*

DAN RAYFIELD
Attorney General of Oregon

/s/ Paul Garrahan
PAUL GARRAHAN (*pro hac vice*)
Sr. Assistant Attorney General
Oregon Department of Justice
Natural Resources Section
1162 Court Street NE
Salem, Oregon 97301-4096
Telephone: (503) 947-4540
E-mail: Paul.Garrahan@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*

JOSHUA L. KAUL
Attorney General of Wisconsin

/s/ Kevin Grzebielski
KEVIN L. GRZEBIELSKI (*pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857

150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400 ext. 2297
E-mail: nvaz@riag.ri.gov

*Attorney for Plaintiff State of Rhode Island*

CHARITY R. CLARK
Attorney General of Vermont

/s/ Justin G. Sherman
JUSTIN G. SHERMAN*
Assistant Attorney General
Vermont Attorney General's Office
Environmental and Public Protection Division
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-5621
E-mail: justin.sherman@vermont.gov

*Attorney for Plaintiff State of Vermont*

JAY JONES
Attorney General for the Commonwealth of Virginia

/s/ Megan C. Keenan
MEGAN C. KEENAN*
Deputy Solicitor General
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 997-5222
E-mail: mkeenan@oag.state.va.us

*Attorney for Plaintiff Commonwealth of Virginia*

Madison, Wisconsin 53707-7857
Telephone: (608) 266-7234
Email: Kevin.Grzebielski@wisdoj.gov

*Attorney for Plaintiff State of Wisconsin*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

/s/ Coty Montag
COTY MONTAG, State Bar No. 255703
Deputy Attorney General
LAUREN MARKS
Special Assistant Attorney General
KATHRYN BLANCO
Assistant Attorney General
400 6th Street NW Washington, D.C. 20001
Telephone: 202-256-3713
E-mail: Coty.Montag@dc.gov

*Attorneys for Plaintiff District of Columbia*

**Application for admission pro hac vice forthcoming*