**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION**

DEFENDERS OF WILDLIFE,

Plaintiff,

v.

U.S. FISH AND WILDLIFE SERVICE and NATIONAL MARINE FISHERIES SERVICE,

Defendants.

ENVIRONMENTAL PROTECTION INFORMATION CENTER, et al.

Plaintiffs,

v.

NATIONAL MARINE FISHERIES SERVICE, et al.,

Defendants.

STATE OF CALIFORNIA et al.,

Plaintiffs,

v.

DOUG BURGUM et al.,

Defendants.

No. 3:26-cv-07507-VC

Related Cases: 3:26-cv-7176-VC; 3:26 cv-10071-VC

**PLAINTIFFS' JOINT REPLY IN SUPPORT OF MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**

Date: Dec. 10, 2026
Time: 10:00 a.m.
Courtroom 3, 17th Floor
Hon. Vince Chhabria

## TABLE OF ABBREVIATIONS

| **Abbreviation** | **Definition** |
|---|---|
| APA | Administrative Procedure Act |
| AR | Administrative Record for the Rescission |
| CE | Categorical Exclusion |
| Defenders | Defenders of Wildlife |
| ESA | Endangered Species Act |
| Final Rule | 91 Fed. Reg. 43300 (July 14, 2026) |
| NEPA | National Environmental Policy Act |
| NMFS | National Marine Fisheries Service |
| Proposed Rule | 90 Fed. Reg. 16102 (Apr. 17, 2025) |
| Rescission | The Services' rescission of the regulatory definitions of "harm" and reinterpretation of the statutory term "take" under the Endangered Species Act. |
| Services | U.S. Fish and Wildlife Service and National Marine Fisheries Service |

The Administrative Procedure Act ("APA") requires the U.S. Fish and Wildlife Service ("FWS") and the National Marine Fisheries Service ("NMFS") (collectively, "the Services") to produce a complete administrative record for this Court's review of their rescission of the regulatory definitions of "harm" and reinterpretation of the statutory term "take" under the Endangered Species Act ("ESA") ("the Rescission"). The Services inappropriately seek to circumvent this requirement by relying on an improper and incomplete administrative record ("AR"). Plaintiffs ask the Court to order the Services to produce a usable and complete AR.

## ARGUMENT

### I. The AR is Necessary to Litigate Plaintiffs' Claims.

Contrary to the Services' contention, the AR is fundamental to prosecuting Plaintiffs' claims. *See* Defs.' Opp. at 4, Defenders Dkt. No. 40, EPIC Dkt. No. 47, California Dkt. No. 78. [1] Plaintiffs assert claims under the APA, which are adjudicated based on an administrative record. 5 U.S.C. § 706. The APA provides that the court "shall review" the record in making its determinations. *Id.*; *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("The APA specifically contemplates judicial review *on the basis of the agency record compiled in the course of … [the] agency action*") (emphasis added). Accordingly, the Services must produce a complete record. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419-420 (1971); *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) ("The 'whole' administrative record . . . consists of all documents and materials directly or indirectly considered by agency decisionmakers and includes evidence contrary to the agency's position") (citation omitted).

The Services argue that their adoption of Justice Scalia's dissent in *Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.*, 515 U.S. 687 (1995), as the "best reading" of "take,"

---

[1] Citations to docket entries refer to docket entries in each of the three related cases as follows: *Defenders of Wildlife v. Fish and Wildlife Services*, 3:26-cv-07507-VC ("Defenders Dkt."), *Environmental Protection Information Center, et al. v. National Marine Fisheries Service, et al.*, 3:26-cv-7176-VC ("EPIC Dkt."); *State of California, et al., v. Burgum, et al.*, 3:26-cv-11071-VC ("California Dkt.").

compelled their action. Defs.' Opp. at 2-3. Because of this, the Services argue that the Rescission was a non-discretionary action and that this is a pure "statutory interpretation" case. *Id*. at 3. However, the Services exercised their discretion in promulgating the Rescission under the APA. Indeed, as the Services noted in their now denied Motion for Summary Judgment, while an agency has "inherent authority to reconsider its interpretation of statutes … [i]t need not undertake that review." Defs.' Mot. Summ. J. at 7, California Dkt. No. 60. The Services thus exercised their discretion here and chose to reconsider their interpretation of "harm." *Id.* Plaintiffs allege that the Services' Rescission was "arbitrary, capricious, [and] an abuse of discretion." *E.g.* Compl. ¶¶ 143, 151, Defenders Dkt. No. 25; Compl. ¶ 71, EPIC Dkt. No. 33; Compl. ¶ 126, California Dkt. No. 50. Plaintiffs need the complete AR in order to show that the Services acted arbitrarily and capriciously in exercising their discretion to promulgate the Rescission, failed to provide a reasoned explanation for their decision, failed to consider third party reliance interests, and failed to consider the environmental impacts of the Rescission, among other allegations. *See* Compl. ¶¶ 13, 120, 134, 149, Defenders Dkt. No. 25; Compl. ¶¶ 62, 67, 70, EPIC Dkt. No. 33; Compl. ¶¶ 106, 107, 128, 129, 137, California Dkt. No. 50. By arguing that the AR is irrelevant to this case, the Services assume they have already won their argument that their action was non-discretionary, suggesting that the Court need not look at the very documentation that Plaintiffs need to prove their case. The Services must produce the complete AR so that the Court can decide the merits of Plaintiffs' claims for itself.

## II. The AR is Unusable.

The Services have not produced the whole record in compliance with the APA and their opposition arguments as to why they do not need to do so in this case fail. *See* 5 U.S.C. § 706; *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419-420 (1971). To be clear, Plaintiffs are not asking for "a procedural requirement not provided for by Congress." *See* Defs.'s Opp. at 3. Rather, Plaintiffs are asking the Services to comply with the standard procedure required under the APA: to produce the complete record "for the Court's convenient reference," even

where a document is publicly available and "citable" by a plaintiff. *Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 27 (D.D.C. 2013), *aff'd sub nom. Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46 (D.C. Cir. 2015) (citation omitted).

### A. The Services Point to No Case Holding that Incorporation by Reference Meets the APA Standard for Merits Briefing.

The Services' reliance on *California v. Azar* is misplaced. *See* Defs.' Opp. at 6 (citing *California ex rel. Becerra v. Azar*, 950 F.3d 1067 (9th Cir. 2020)). *California v. Azar* involved a decision on an expedited preliminary injunction, and thus federal defendants had not yet filed an administrative record in the case. *Id*. at 1082. The Ninth Circuit stated in dicta that the availability of public comments in an online docket was sufficient for purposes of the court's ruling on the *preliminary injunction*. *Id.* at 1083, n.11. But given the procedural posture of the *Azar* case, the parties could not yet have filed motions to complete the record and thus could not have briefed this issue for the panel. *See Id.* at 1112. Thus, the *Azar* court did not hold that an agency can fulfill its APA obligations at the merits briefing stage by referring to an online docket. Notably, federal defendants subsequently produced the "full" 400,000-page record, including public comments, for the merits briefing in the district court. *Id.* at 1112 n. 9 (Paez, dissenting); *Washington v. Azar,* 1:19-cv-03040-SAB (E.D. Wa Jan. 22, 2020), Dkt. No. 133. In the district court case, as the *Azar* dissent notes, plaintiffs utilized that full record to develop their APA arbitrary and capricious claims. *California v. Azar*, 950 F.3d at 1112 n. 9 (Paez, dissenting).

Defendants identify a handful of cases where agencies or courts have referred to an online docket; however, these are similarly not on point. Defs.' Opp. at 6. First, in none of these cases did the court hold that the incorporation by reference to public comments posted to Regulations.gov meets the requirements of the APA. Second, in two of these cases the federal defendants actually did produce a full record. *See MacClarence v. EPA*, 596 F.3d 1123 (9th Cir. 2010), Dkt. No. 40; *Bioscience Advisors, Inc. v. SEC*, No. 4:21-cv-866, 2023 WL 163144 (N.D. Cal. Jan. 11, 2023), Dkt. No. 59. In *MacClarence*, the court cited public dockets for rulemakings

that were not at issue in the case. 596 F.3d at 1127. In *Bioscience Advisors*, the court cited a public docket only to identify when specific events in the rulemaking process took place, and that rulemaking—unlike the instant rulemaking—also included no public comments. *Bioscience Advisors, Inc. v. SEC*, No. 21-cv-866, 2023 WL 163144 at *3, (N.D. Cal. Jan. 11, 2023). Finally, in *North Dakota v. EPA*, the federal defendants incorporated the online docket by reference, but, unlike here, they produced an index of all comments in the record and identified them by docket document ID. *North Dakota v. EPA*, 3:15-cv-59, Dkt. No. 195 (D.N.D. Apr. 16, 2018). None of these cases alters the APA requirement for a federal agency to produce a complete usable record "for the Court's convenient reference." *Dist. Hosp. Partners, L.P*, 971 F. Supp. 2d at 27.

Defendants have therefore failed to identify any case law holding that incorporation by reference of an online government docket in lieu of lodging a complete administrative record is sufficient for briefing an APA case on the merits.

**B. The Services' Opposition Establishes the Un-usability of their Proffered AR.**

In a declaration attached to the Services' Opposition, the Services attempt to explain the process by which Plaintiffs and the Court can access comments and documents available at Regulations.gov in lieu of the Services completing the task of compiling the AR itself. *See* Baucum Decl. ¶¶ 5-9, California Dkt. No. 78. Rather than assuaging Plaintiffs' concerns regarding the accessibility of the AR, the Services' Opposition does the opposite. The explanation confirms many of the difficulties created by the Services' refusal to compile and produce a complete AR in a usable format. The multi-step process laid out in the Services' declaration requires Plaintiffs to download a spreadsheet of comment submissions. Baucum Decl. ¶¶ 5-7. This spreadsheet includes the text of comments submitted through the text box function on Regulations.gov. *Id.* at ¶ 9. However, this spreadsheet does not include the text of the numerous attachments submitted with comments. Pencak Decl. at ¶ 23, California Dkt. No. 71. The spreadsheet only provides URLs to access comments submitted as attachments, and any exhibits thereto. *Id*. Thus, these attachments must be downloaded separately from the bulk

download spreadsheet.

In their Opposition and Declaration, the Services fail to explain these additional steps required to access all comments *and* all attachments submitted at Regulations.gov that would be necessary to compile a *complete* record. Additionally, the Services admit in their Opposition that the online docket does not in fact contain all the public comments. The Services produced two additional comments to "supplement" the record, without any explanation as to why they were previously withheld. Defs.' Opp. at 4, n. 3.

The Services suggest a method to get around these record difficulties: the parties can attach exhibits to their briefs or agree on a joint appendix upon the completion of briefing. Defs.' Opp. at 5. However, these exhibit attachments would be voluminous and difficult to work with. For instance, where a party cites to and then attaches multiple comment letters and academic research papers to a brief, the exhibits could run to hundreds, if not thousands, of pages. This process will not just inconvenience Plaintiffs; should the Court wish to view a document or page that is not attached as an exhibit to a brief or included in the parties' joint appendix, it will have to follow the same multi-step process for reviewing and downloading comments and attachments discussed above.

Defendants provide no good reason to wait until the conclusion of briefing to create one agreed upon, certified, durable, readily citable, and accessible collection of documents. Creating such a record now addresses all of the identified concerns and would not place an undue burden on the Services as they have ready access to all of the comments. It also would not be "wasteful of time and resources" for the Services to actually compile a usable record. Defs.' Opp. at 6. Any efficiency gains from delaying the preparation of a usable record accrue only to the Services, while Plaintiffs and this Court will carry the burden. *See* Defs.' Opp. at 6.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion to complete the AR.

In compliance with Local Rule 5-1, the filer of this document attests that all signatories listed have concurred in the filing of this document.

Dated: November 25, 2026

Respectfully submitted,

NICHOLAS W. BROWN
Attorney General of Washington

/s/ Elizabeth Harris
ELIZABETH M. HARRIS (*pro hac vice*)
MAGGIE BAKER SMITH (*pro hac vice*)
Assistant Attorneys General
Washington Attorney General's Office
Environmental Protection Division
800 5th Ave., Suite 2000, TB-14
Seattle, WA 98104-3188
Telephone: (206) 521-3213
E-mail: Elizabeth.Harris@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

JANE P. DAVENPORT (CA Bar No. 193275)
ERICA PENCAK, *pro hac vice* (D.C. Bar No. 90041087)
DEFENDERS OF WILDLIFE
1130 17th Street NW
Washington, DC 20036
Telephone: (202) 772-3274
jdavenport@defenders.org
epencak@defenders.org

RYAN ADAIR SHANNON, *pro hac vice* (Oregon Bar No. 155537)
DEFENDERS OF WILDLIFE
2009 NE Alberta St. #207
Portland, OR 97211
(503) 899-0663
rshannon@defenders.org

WILLIAM NAZAR CARLON (CA Bar No. 305739)
LAW OFFICE OF WILLIAM CARLON
437 Post St.
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

*Attorneys for Plaintiff Defenders of Wildlife*

Thomas Edgerton Wheeler, CA Bar #304191
Environmental Protection Information Center
145 G Street, Suite A
Arcata, California 95521
Tel: (707) 822-7711
Email: tom@wildcalifornia.org

Peter Martin Koerber Frost, pro hac vice
Western Environmental Law Center
P.O. Box 533
Bend, Oregon 97709
Tel: (541) 359-3238
Email: frost@westernlaw.org

Karli Uwaine, pro hac vice
Western Environmental Law Center
120 Shelton McMurphey Boulevard, Suite 340
Eugene, Oregon 97401
Tel: (541) 255-0209
Email: uwaine@westernlaw.org

Attorneys for EPIC Plaintiffs

ROB BONTA
Attorney General of California
LAURA J. ZUCKERMAN
Supervising Deputy Attorney General

/s/ Jennifer Loda
JENNIFER LODA (SBN 284889)
TARA MUELLER (SBN 161536)
HEATHER M. LEWIS (SBN 291933)
SUSANA AGUILERA (SBN 341788)
Deputy Attorneys General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone: (510) 879-0754
Fax: (510) 622-2270
E-mail: Tara.Mueller@doj.ca.gov

*Attorneys for Plaintiff State of California*

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

/s/ Michele Hunton
MICHELE HUNTON (*pro hac vice*)
ZEUS SMITH (*pro hac vice*)
Assistant Attorneys General
Office of the Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
E-mail: Michele.Hunton@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Steven J. Goldstein
STEVEN J. GOLDSTEIN (*pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone: 410-576-6414
E-mail: sgoldstein@oag.maryland.gov

*Attorney for Plaintiff State of Maryland*

KRISTIN K. MAYES
Attorney General of Arizona

/s/ Ashley R. Meyer
ASHLEY R. MEYER*
Special Assistant Attorney General
Office of the Arizona Attorney General
Environmental Protection Unit
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-6006
E-mail: Ashley.Meyer@azag.gov

*Attorneys for Plaintiff State of Arizona*

PHILIP J. WEISER
Attorney General of Colorado

/s/ Christopher Breidenbach
CARRIE NOTEBOOM (*pro hac vice*)
Assistant Deputy Attorney General
CHRISTOPHER BREIDENBACH (*pro hac vice*)
Senior Assistant Attorney General
Natural Resources and Environment Section
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: 720-508-6285
E-mail: Carrie.Noteboom@coag.gov

*Attorneys for State of Colorado*

WILLIAM TONG
Attorney General of Connecticut

/s/ Daniel M. Salton
DANIEL M. SALTON (*pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5250
E-mail: daniel.salton@ct.gov

*Attorney for Plaintiff State of Connecticut*

DANA NESSEL
Attorney General of Michigan

/s/ *Nathan A. Gambill*
NATHAN A. GAMBILL (*pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
Environment, Natural Resources,
and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
Telephone: (517) 335-7664
E-mail: gambilln@michigan.gov

*Attorney for the State of Michigan*

KEITH ELLISON
Attorney General of Minnesota

/s/ *Cat Rios-Keating*
CAT RIOS-KEATING (*pro hac vice*)
Special Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 300-7302
E-mail: catherine.rios-keating@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota*

JENNIFER DAVENPORT
Attorney General of New Jersey

/s/ *Lisa J. Morelli*
LISA J. MORELLI, State Bar No. 137092
ALANA V. PACCIONE (*pro hac vice*)
Deputy Attorneys General
New Jersey Division of Law
25 Market Street
Trenton, New Jersey 08625
Telephone: (609) 376-2740
E-mail: Lisa.Morelli@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

KATHLEEN JENNINGS
Attorney General of the State of Delaware

/s/ *Vanessa L. Kassab*
IAN R. LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB*
Deputy Attorneys General
ROBIN L. JACOBS
Assistant Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
Telephone: (302) 683-8899
E-mail: vanessa.kassab@delaware.gov

*Attorneys for Plaintiff State of Delaware*

ANNE LOPEZ
Attorney General of Hawaiʻi

/s/ *Danica Patel*
DANICA PATEL (*pro hac vice*)
Deputy Attorney General
425 Queen Street
Honolulu, HI 96813
Telephone: (808) 586-1500
Fax: (808) 586-1239
E-mail: Danica.L.Patel@hawaii.gov

*Attorney for Plaintiff State of Hawaiʻi*

KWAME RAOUL
Attorney General of Illinois

/s/ *Joanna K. Brinkman*
JOANNA K. BRINKMAN (*pro hac vice*)
Complex Litigation Counsel
JASON E. JAMES
Assistant Attorney General
ROGER JOHNSON
Assistant Attorney General
Illinois Attorney General's Office
115 S. LaSalle St.
Chicago, IL 60603
Telephone: 312-814-3033
E-mail: joanna.brinkman@ilag.gov

*Attorneys for Plaintiff State of Illinois*

PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Nicholas M. Vaz*
NICHOLAS M. VAZ (*pro hac vice*)
Assistant Attorney General
Rhode Island Office of the Attorney General
Environment and Energy Unit Chief
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400 ext. 2297
E-mail: nvaz@riag.ri.gov

*Attorney for Plaintiff State of Rhode Island*

CHARITY R. CLARK
Attorney General of Vermont

*/s/ Justin G. Sherman*
JUSTIN G. SHERMAN*
Assistant Attorney General
Vermont Attorney General's Office
Environmental and Public Protection Division
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-5621
E-mail: justin.sherman@vermont.gov

*Attorney for Plaintiff State of Vermont*

JAY JONES
Attorney General for the Commonwealth of Virginia

*/s/ Megan C. Keenan*____
MEGAN C. KEENAN*
Deputy Solicitor General
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 997-5222
E-mail: mkeenan@oag.state.va.us

*Attorney for Plaintiff Commonwealth of Virginia*

RAÚL TORREZ
Attorney General of New Mexico

*/s/ J. Spenser Lotz*
J. SPENSER LOTZ (*pro hac vice*)
Assistant Attorney General
Environmental Protection Bureau
201 Third St. NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 616-7560
E-mail: slotz@nmdoj.gov

*Attorney for Plaintiff State of New Mexico*

LETITIA JAMES
Attorney General of New York

*/s/ Laura Mirman-Heslin*
LAURA MIRMAN-HESLIN (*pro hac vice*)
Assistant Attorney General
Office of the New York State Attorney General
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6091
E-mail: Laura.Mirman-Heslin@ag.ny.gov

*Attorney for Plaintiff State of New York*

DAN RAYFIELD
Attorney General of Oregon

*/s/ Paul Garrahan*
PAUL GARRAHAN (*pro hac vice*)
Sr. Assistant Attorney General
Oregon Department of Justice
Natural Resources Section
1162 Court Street NE
Salem, Oregon 97301-4096
Telephone: (503) 947-4540
E-mail: Paul.Garrahan@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*

JOSHUA L. KAUL
Attorney General of Wisconsin

/s/ Kevin Grzebielski
KEVIN L. GRZEBIELSKI (*pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
Telephone: (608) 266-7234
Email: Kevin.Grzebielski@wisdoj.gov

*Attorney for Plaintiff State of Wisconsin*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

/s/ Coty Montag
COTY MONTAG, State Bar No. 255703
Deputy Attorney General
LAUREN MARKS
Special Assistant Attorney General
KATHRYN BLANCO
Assistant Attorney General
400 6th Street NW Washington, D.C. 20001
Telephone: 202-256-3713
E-mail: Coty.Montag@dc.gov

*Attorneys for Plaintiff District of Columbia*

**Application for admission pro hac vice forthcoming*